IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOLDSBY, | CASE NO. 1:13 CV 2451 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| | <u>MEMORANDUM OF OPINION</u> |
| J. COAKLEY, WARDEN | |
| Respondent. | |

*Pro se* Petitioner Michael Goldsby filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Goldsby is incarcerated in FCI-Elkton, having been convicted in the United States District Court for the Northern District of Ohio in 1997, on one count of possession with intent to sell, distribute, or dispense narcotics, specifically cocaine base in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B). In the Petition, Goldsby argues he was arrested on state drug possession charges before he was charged with a federal drug offense, and because the sentence he received for his federal offense was beyond what he probably would have received from the State of Ohio, the federal authorities lacked jurisdiction to "adopt" his pending state case. He asserts that he is therefore actually innocent of violating federal drug laws.

### Factual and Procedural Background

Over an eleven-month period, from November 1989 to October 1990, Michael Goldsby was arrested five times for drug offenses. *United States v. Goldsby*, No. 00-4219, 2002 WL 1001023, at

*1 (6th Cir. May 15, 2002). All of these offenses were non-violent, involved small quantities of drugs, and were committed while Goldsby was eighteen and nineteen years old. *Id.* Goldsby pleaded guilty pursuant to a plea agreement on the first two offenses, and was sentenced to probation. *Id.* He also entered a plea bargain on the final three offenses, and received a one and a half year sentence to run concurrently with a two-year sentence for violation of his earlier probation. *Id.*

On December 28, 1996, six years after these earlier offenses, Cleveland Police Officer Keith Sulzer spotted Goldsby standing nude behind a parked vehicle. Officer Sulzer ran a warrant check on Goldsby and found that he had no driver's license and three outstanding traffic-related contempt warrants. Goldsby was arrested and his vehicle was towed. During a routine inventory of the vehicle, Sulzer found a black leather jacket. Inside the jacket was a small plastic bag that contained 23 rocks (5.88 grams) of crack cocaine. Goldsby admitted to owning the jacket, and was charged with possession of drugs in violation of Ohio Revised Code § 2925.11.

Meanwhile, a federal grand jury sitting in the United States District Court for the Northern District of Ohio returned an indictment against Jason Austin, Marcus Burts, Richard Stone, and Virgil Stone charging them with conspiracy to possess with intent to distribute cocaine. The indictment alleged that Richard and Virgil Stone received large quantities of cocaine, which they would convert into crack and then distribute to other members of the conspiracy. Goldsby is a sibling to the Stone brothers, and his arrest for possession of 23 crack cocaine rocks caught the attention of Alcohol, Tobacco and Firearms ("ATF") Agent Dewald. Goldsby was indicted by a federal grand jury on May 21, 1997, and charged with: (a) possession of 5.88 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (b) conspiracy to distribute

cocaine and cocaine base, in violation of 21 U.S.C. § 846. Because Goldsby was now under federal indictment, the state prosecutors dismissed the state charges and released Goldsby to the custody of the ATF.

Goldsby's trial in federal court began on August 14, 1997. At trial, Agent DeWald testified that possession of 5.88 grams of crack cocaine was inconsistent with personal use. Goldsby was convicted on both counts on August 28, 1997. On November 19, 1997, he was sentenced to a term of 383 months incarceration, to be followed by eight years supervised release.

Goldsby appealed his conviction to the United States Sixth Circuit Court of Appeals, claiming the evidence was insufficient to support the conviction on either count. The Court vacated the conspiracy conviction on January 4, 2000, finding insufficient evidence. *See Goldsby v. United States*, No. 04–3340, 2005 WL 2572362, at *1 (6th Cir. Oct. 12, 2005). However, the Court found sufficient evidence to support the possession with intent to distribute conviction. *Id.* Goldsby was resentenced on August 31, 2000. *Id.* As a career offender under the U.S. Sentencing Guidelines, Goldsby was sentenced to 360 months of incarceration, followed by eight years of supervised release. He appealed his sentence, claiming that the Guidelines were applied incorrectly, the district court was unaware it could make a downward departure, and his sentence violated the Eighth Amendment. The Sixth Circuit rejected Goldsby's claims and affirmed his sentence.

On August 19, 2003, Goldsby filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Goldsby claimed that he received ineffective assistance of counsel, he was improperly tried with the other defendants on the conspiracy charge, and two of the prior convictions used to classify him as a career offender were invalid. Goldsby also claimed his conviction was void due to Congress's failure to enact Title 21 into positive law. The district court

denied the motion on January 26, 2004, without holding an evidentiary hearing. On February 9, 2004, Goldsby filed a Notice of Appeal, and the Sixth Circuit issued a certificate of appealability on September 3, 2004. The Sixth Circuit affirmed the district court's decision on October 12, 2005.

Goldsby has now filed this Petition for a Writ of Habeas Corpus seeking relief from his federal conviction under 28 U.S.C. § 2241. Although Goldsby's legal arguments are disjointed and difficult to follow, it appears he is asserting that the federal government lacked jurisdiction to prosecute him because the State of Ohio filed charges first. He reasons that the simple possession charge brought by the State carried a lower potential sentence than the federal charge of possession with intent to sell or distribute and therefore he is actually innocent of the federal charges.

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). When a petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2241 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under § 2255. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

To fall within any arguable construction of the savings clause, a petitioner must show that

an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his conviction or sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, a petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

### Discussion

Although he argues he is actually innocent of the federal crimes, Goldsby does not rely on an intervening change in the law which decriminalizes the acts for which he was found guilty, in this case possession with intent to distribute cocaine. Instead, he argues that he should not have been charged and convicted in the first place because, he contends, the state charged him first and those charges would have carried a lighter sentence. This is clearly a challenge to his conviction, and it does not fit within the parameters of the savings clause. Goldsby's only remedy to challenge his conviction is a motion to vacate under 28 U.S.C. § 2255. Goldsby, however, already filed a § 2255 motion and it was denied. He filed an appeal of that decision, and his conviction was once again affirmed. He cannot file a § 2241 action to assert challenges to his conviction even if relief under

-6-

§ 2255 has already been denied.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.